UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OKLAHOMA

FILED

FEB 25 2002

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| PHILLIP NELSON,<br><br>                    Plaintiff,<br><br>          vs.<br><br>WILLIAMS COMPANIES INC.,<br>STRATEGIC INVESTMENT<br>SOLUTIONS, INC., GEORGE A.<br>LORCH, GLENN A. COX, THOMAS H.<br>CRUIKSHANK, CHARLES M. LILLIS,<br>GORDON R. PARKER, JOSEPH H.<br>WILLIAMS, KEITH E. BAILEY, WILLIAM<br>E. GREEN, W.R. HOWELL, JAMES C.<br>LEWIS, HUGH M. CHAPMAN, FRANK T.<br>MACINNIS, PETER C. MEINIG, JANICE<br>D. STONEY,<br><br>                    Defendants. | Case No.<br><br>COMPLAINT FOR BREACH OF<br>FIDUCIARY DUTY AND VIOLATION<br>OF ERISA DISCLOSURE<br>REQUIREMENTS<br><br>02C V0 153 EA(J) |

## INTRODUCTION

1.     Plaintiff brings this action as a civil enforcement action under the Employee Retirement Income Security Act ("ERISA"), §502(a), 29 U.S.C. §1132(a), for relief on behalf of all participants and beneficiaries of the Williams Companies Inc. Investment Plus Plan (the "Plan"), a 401(k) plan operated and administered by Williams Companies Inc. ("Williams Co." or the "Company"). Defendants are the Company, the administrators and directors of the Plan and the Company's directors (collectively, "defendants").

2.     Plaintiff brings this action on behalf of herself and on behalf of all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Class consists of all current and former employees and any beneficiaries who are or were participants in the Plan at any time since February 25, 1999 (the "Class").  Excluded from the Class are the Court, defendants, their immediate families and affiliates.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1), which grants to United States District Courts jurisdiction over claims of this type.

4.    This Court has personal jurisdiction over defendants because, as required by ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), one or more of the defendants reside or may be found in this District. Defendants maintain an office in this District and one or more of the individual defendants reside or may be found in this District. Defendants systematically and continuously do business in this District, and the case arises out of, in whole or part, defendants' acts within this District.

5.    Venue is proper pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because defendants administered the Plan in this District, some or all of the actionable conduct for which relief is sought occurred in this District, and one or more of the defendants may be found in this District.

## THE PARTIES

6.    Plaintiff Phillip Nelson is a resident of Tulsa, Oklahoma. Mr. Nelson is a participant in Williams Companies Inc. Investment Plus Plan. Mr. Nelson holds approximately 500 shares of Company stock in the Plan.

7.    Williams Companies, Inc. is a Delaware corporation with its principal executive offices located at One Williams Center, Tulsa, Oklahoma 74172.

8.    Strategic Investment Solutions, Inc. ("Strategic Investment") is an investment advisory firm located in San Francisco, California. Williams Co. retained Strategic Investment to provide the Company with investment advisory and consulting services in relation to the Plan.

9.    (a)    Defendant George A. Lorch ("Lorch") served at times relevant hereto as a director of the Company.

(b)    Defendant Glenn A. Cox ("Cox") served at times relevant hereto as a director of the Company.  Cox also served as Chairman of the compensation committee.

(c)    Defendant Thomas H. Cruikshank ("Cruikshank") served at times relevant hereto as a director of the Company.  Cruikshank also served on the compensation committee.

(d)    Defendant Charles M. Lillis ("Lillis") served at times relevant hereto as a director of the Company.

(e)    Defendant Gordon R. Parker ("Parker") served at times relevant hereto as a director of the Company.

(f)    Defendant Joseph H. Williams ("Williams") served at times relevant hereto as a director of the Company.

(g)    Defendant Keith E. Bailey ("Bailey") served at times relevant hereto as Chairman, President and Chief Executive Officer of the Company.

(h)    Defendant William E. Green ("Green") served at times relevant hereto as a director of the Company.  Green also served on the compensation committee.

(i)    Defendant W.R. Howell ("Howell") served at times relevant hereto as a director of the Company.  Howell also served on the compensation committee.

(j)    Defendant James C. Lewis ("Lewis") served at times relevant hereto as a director of the Company.  Lewis also served on the compensation committee.

(k)    Defendant Hugh M. Chapman ("Chapman") served at times relevant here o as a director of the Company.

(l)    Defendant Frank T. MacInnis ("MacInnis") served at times relevant hereto as a director of the Company.

(m)    Defendant Peter C. Meinig ("Meinig") served at times relevant hereto as a director of the Company.

(n)    Defendant Janice D. Stoney ("Stoney") served at times relevant hereto as a director of the Company.  Stoney also served on the compensation committee.

10.    The defendants referenced above in ¶9(a)-(n) are referred to herein as the "Individual Defendants."

11.    Because of the Individual Defendants' positions with the Company, they had access to adverse undisclosed information about its business, operations, products, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents (including the Company's operating Plan, budgets and forecasts and reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith.

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The requirements of subparts 23(a) and (b)(1)-(3) are met with respect to the Class defined below.

13.    The Class consists of all current and former employees or beneficiaries who are or were participants in the Plan at any time since February 25, 1999.  Excluded from the Class are the Court, defendants, their immediate families and affiliates.

14.    The Class consists of thousands, if not tens of thousands, of persons located throughout the United States.  The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the

- 3 -

Court.  The exact number and identity of Class members can be determined through discovery.

15.    There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class that predominate over questions which may affect individual Class members include:

(a)    Whether ERISA applies to the claims at issue here;

(b)    Whether defendants owe and owed fiduciary duties to the members of the Class;

(c)    The nature of the fiduciary duties defendants owe or owed to members of the Class;

(d)    Whether defendants breached their fiduciary duties under ERISA; and

(e)    The extent of damage sustained by Class members and the appropriate measure of relief.

16.    Plaintiff's claims are typical of those of the Class because plaintiff and the Class suffered similar harm and damages as a result of defendants' unlawful and wrongful conduct.  Absent a class action, Class members may not receive restitution or other appropriate relief, will continue to suffer losses, and these violations of law will proceed without remedy.

17.    Plaintiff is committed to pursuing this action and has retained counsel experienced in class action litigation of this nature.  Plaintiff will fairly and adequately represent the interests of the Class and plaintiff has no interests that conflict with those of the Class.

18.    The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for defendants. Individual actions may, as a practical matter, be dispositive of the interests of the Class.

19.   A class action is the superior method for fair and efficient adjudication of this controversy.  The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.  Plaintiff's counsel, highly experienced in class actions, sees no difficulty in the management of this case as a class action.

## FACTUAL BACKGROUND

20.   During the relevant period, defendants knew or should have known, but failed to disclose to Plan participants, that maintaining concentrated investments in Company stock was imprudent and exposed such participants to unreasonable risk of loss and injury.   Defendants encouraged their employees to invest their retirement monies in the Company's common stock. The Company also engaged in certain practices intended to encourage employees to invest or maintain their investments in Company stock. Defendants also imposed restrictions on their employees' ability to sell Company stock in their 401(k) plan.

21.   Defendants failed to provide plaintiff and other Plan participants with adequate information about the Company's true financial condition despite offering the Company's stock as a prudent Plan investment.  Defendants knew, yet failed to disclose to plaintiff and Class members serious problems with Williams Co.'s ongoing financial situation including:

(a)   the existence of an over-supply of fiber-optic capacity and declining demand for bandwidth;

(b)   undisclosed financial liability resulting from loan guarantees of approximately $2.5 billion to Williams Communications Group; and

(c)   a deteriorating financial condition that impaired the Company's ability to finance necessary capital expenditures to meet forecasts.

22.    As a result of defendants' material misrepresentations and failure to disclose the material adverse condition of the Company, plaintiff and members of the Class were misled and deprived of their opportunity to make an informed judgment as to their investment in Company stock. Had plaintiff and Class members been properly and adequately informed about the true financial condition of the Company and given accurate information concerning Williams Co.'s prospects, they would not have invested their retirement savings in Williams Co.'s common stock at artificially inflated prices, or at all, and they would not have sustained the damages they ultimately endured.

### WILLIAMS COMPANIES INVESTMENT PLUS PLAN

23.    At all relevant times, plaintiff was a participant or beneficiary of the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7).

24.    At all relevant times, the Plan was and continues to be a "defined contribution plan" within the meaning of ERISA §3(34), 29 U.S.C. §1002(34), and an "eligible individual account plan" within the meaning of ERISA §407(d)(3), 29 U.S.C. §1107(d)(3). Further, the Plan was and continues to be a qualified cash or deferred arrangement within the meaning of the Internal Revenue Code §401(k), 26 U.S.C. §401(k).

25.    At all relevant times, Williams Co. was the sponsor of the Plan.

26.    At all relevant times, defendants acted as fiduciaries of the Plan pursuant to ERISA §3(21)(A), 29 U.S.C. §1002(21)(A). Defendants exercised discretionary authority or control over the management or administration of the Plan or control in the management or disposition of the Plan's assets.

27.    Williams Co. was the Plan administrator of one or more of the Plan's various investment funds, thereby making it a fiduciary pursuant to ERISA §402(a)(1).

28.    The Plan authorized a participant to contribute from 1% to 16% of their eligible base pay to the Plan in before-tax deferrals or after-tax

contributions.  Once the participant enrolled in the Plan and chose how much to contribute, contributions were deducted automatically from the participant's pay.

29.    The terms of the Plan mandated that all Company matching contributions be funded with or invested in Williams Co. common stock.  The terms of the Plan prohibited a participant from removing Company contributions from Williams Co. common stock and placing them in any other investment vehicle.

30.    As a result of these restrictions and the Company's encouragement to invest in the Company's stock, Williams Co. stock constituted over 65% of all Plan assets in fiscal year 1999.

31.    Defendants' imposition of Plan restrictions had the effect of depriving plaintiff and members of the Class of having the opportunity to exercise control over their Plan assets, and of forcing them to concentrate their Plan assets in Company stock, despite the risks and problems known to defendants, but not disclosed to Plan participants. Defendants deprived plaintiff of the opportunity to exercise control over her Plan assets because she did not have the "opportunity to obtain sufficient information to make informed decisions with regard to investment alternatives available under the plan, and incidents of ownership appurtenant to such investments" pursuant to 29 C.F.R. §2550.404c-1(b)(2)(B).

32.    Moreover, plaintiff could not exercise independent control over the assets in her Plan because defendants subjected plaintiff to improper influences and/or concealed material facts regarding certain investments.   29 C.F.R. §2550.404c-1(c)(2)(i)-(ii).

33.    Accordingly, defendants are not relieved of their fiduciary duties under ERISA §404(c), 29 U.S.C. §1104(c).

## DEFENDANTS' BREACHES OF FIDUCIARY DUTY

34.    ERISA is a comprehensive statute covering virtually all aspects of employee benefit plans, including retirement savings plans.  Among other things, ERISA imposes rules and regulations on such plans and requires all covered plans be in writing and that plan administrators furnish to each participant a document called a "summary plan description" ("SPD"), which appraises participants of their rights under a plan, in a manner reasonably calculated to be understood by the average plan participant, as required by 29 U.S.C. §1022(a).

35.    Under ERISA, those responsible for plan management stand in a fiduciary relationship in relation to plan participants.  Pursuant to ERISA, a "fiduciary" is defined broadly to include all persons or entities that are able to exercise discretionary authority over the management of a plan or payment of benefits.  ERISA requires strict fidelity and loyalty in the execution of the plan's management pursuant to 29 U.S.C. §1002(21).

36.    ERISA imposes on plan management a fiduciary a duty of prudence, requiring those responsible for plan management to "discharge his [or her] duties with respect to a plan *solely* in the interest of the participants and their beneficiaries and ... with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. §1104(a)(1)(B).  ERISA also imposes on those responsible for plan management a duty of loyalty, requiring the fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and their beneficiaries and ... for the *exclusive purpose* of ... providing benefits to the participants and their beneficiaries."  29 U.S.C. §1104(a)(1)(A)(i).

37.     Defendants' fiduciary duties of loyalty, due care, and prudence include a duty to disclose and inform Plan participants of any material adverse information about the Company. This duty entails: (1) a duty not to make materially false and misleading statements or misinform Plan participants about the true financial condition of Williams Co.; (2) an affirmative duty to inform Plan participants about material adverse factors which were affecting the Company, at any time the fiduciary knows or should know that failing to make such a disclosure might be harmful; and (3) a duty to convey complete and accurate information material to the circumstances of Plan participants and their beneficiaries. The disclosure duties and fiduciary duties imposed on Plan management by ERISA were designed to reduce the disparity in access to Company information that existed between the fiduciaries and the participants and their beneficiaries.

38.     When a plan is composed of various investment funds, such as the Plan at issue, the duty to inform and disclose also includes: (1) a duty not to make material misrepresentations, or fail to disclose material information, the disclosure of which was necessary to make other statements by and/or about the Company, materially false or misleading; and (2) a duty to impart to Plan participants material information which the fiduciary knows or should know is sufficient to appraise the average Plan participant of the risks associated with investing in any particular investment.

39.     Defendants breached their fiduciary duties of loyalty and prudence with respect to this use of Company stock as a prudent Plan investment for, among other reasons, the following:

(a)     The excessive investment in the Company's stock, as a percentage of the Plan's portfolio, was an imprudent investment in a single stock that carried with it an inherently high degree of risk and volatility;

(b)     Defendants failed to provide plaintiff and members of the Class with complete and accurate information about Williams Co. common stock and the risks associated with the Plan's substantial investment therein;

(c)     Defendants withheld and concealed material adverse information about the Company's financial condition from plaintiff and members of the Class; and

(d)     Defendants encouraged plaintiff and members of the Class to continue to make and maintain substantial investments in Williams Co. stock in their Plan accounts.

40.     In addition to defendants' duties of loyalty and prudence, the fiduciary duties imposed on defendants by ERISA also entail a duty on Plan management to conduct an independent and continuing investigation into the merits of the Plan's investments to ensure that each investment is suitable for the Plan.  Defendants breached their fiduciary duties of loyalty and prudence by failing to investigate and monitor the suitability of the Company's stock as an investment option.  Had defendants conducted a reasonable investigation, they would have known that during the relevant period Williams Co.'s stock was not a suitable prudent investment for Plan participants.

41.     Defendants' duty of loyalty also entailed a duty to avoid conflicts of interest and to resolve them promptly should they occur.  Under ERISA, a fiduciary must always act for the sole benefit of the Plan participants and their beneficiaries.  Defendants breached their duty of loyalty by failing to avoid conflicts of interest and to resolve such conflicts promptly when they did occur. Defendants continued to invest the participants' and beneficiaries' monies in Williams Co. stock and imposed restrictions on the sale of such stock despite their knowledge of the unsuitability of such a risky, volatile investment.  Thus, defendants failed to act to protect plaintiff's and Class members' interests in the administration of the Plan.

- 10 -

42.    As a result of defendants' breaches of their fiduciary duties owed to plaintiff and members of the Class, the Plan suffered substantial losses and plaintiff was damaged because, throughout the relevant period, a substantial percentage of the Plan's assets were invested in Williams Co. stock and because, following defendants' belated disclosure of the true financial condition of the Company, the value of Williams Co. stock dropped dramatically.  Since plaintiff and members of the Class did not have independent control over how their assets were ultimately invested, defendants were responsible for ensuring the Plan's investments were and remained prudent.  Defendants' liability to plaintiff for damages stemming from imprudent Plan investments in the Company's stock is predicated upon proof that such investments were or became imprudent and resulted in losses in the value of the assets in the Plan during the relevant period, without regard to whether plaintiff or Class members relied on defendants' statements, acts, or omissions.

43.    To the extent plaintiff and members of the Class relied on defendants' representations and omissions in making and maintaining investments in the Plan, plaintiff and the Class relied to their detriment on incomplete or inaccurate information and consequently were damaged thereby.

## COUNT I

### Breach of Fiduciary Duty or Knowing Participation Therein

44.    Plaintiff incorporates by reference and realleges ¶¶1-43.

45.    The Plan is governed by the provisions of ERISA, 29 U.S.C. §1001, *et seq.*, and plaintiff and members of the Class are participants and/or beneficiaries in the Plan.  Each of the defendants is a fiduciary or co-fiduciary with respect to the Plan pursuant to the provisions of ERISA.  As co-fiduciaries, each of the defendants is liable for the other's conduct.

46.    Defendants violated their fiduciary duties of loyalty and prudence by: (1) investing a large percentage of the Plan's assets in Company stock;

(2) failing to adequately investigate and monitor the merits of the investments in Company stock; (3) failing to take steps to eliminate or reduce the amount of Company stock in the Plan; and (4) failing to give plaintiff and members of the Class adequate information about the composition of the Plan's portfolios and accurate information about Williams Co. and its true financial condition.

47.    In addition to the foregoing, defendants also breached their fiduciary obligations by prohibiting Plan participants from selling Company stock and by promoting Williams Co. stock as a prudent Plan investment and encouraging Plan participants to invest their retirement savings in Company stock.

48.    At all times relevant to the allegations raised herein, each of the defendants was a co-fiduciary of the others.  Each defendant knowingly participated in the fiduciary breaches described herein, enabled its co-fiduciaries to commit such fiduciary breaches by its own failure to comply with the provisions of ERISA, and/or had knowledge of the breaches of its co-fiduciaries and failed to take reasonable efforts to remedy such breaches.

49.    As a result of defendants' breach of fiduciary duties, plaintiff and members of the Class, as well as the Plan, suffered damages, the exact amount of which will be determined at trial.  Defendants are personally liable to plaintiff and the Class for these losses.

## COUNT II

### Violations of ERISA Disclosure Requirements

50.    Plaintiff incorporates by reference and realleges ¶¶1-49.

51.    Defendants failed to advise plaintiff and members of the Class that their investment in the Plan was at substantial risk as a result of the concentration of Williams Co. stock as a percentage of the Plan's total assets and defendants also failed to provide plaintiff and members of the Class with

accurate, truthful, or complete information about the Company's operations and true financial condition.

52.    Unbeknownst to plaintiff and members of the Class, but known to defendants, Williams Co.'s undisclosed impaired financial condition was not revealed during the relevant period. Because of the disparity in knowledge between defendants and plaintiff and members of the Class, plaintiff relied on defendants to provide them with accurate and complete information about Williams Co., which was material to the suitability of Company stock as a prudent investment option.

53.    By failing to convey complete and accurate information to plaintiff and members of the Class, defendants violated their affirmative duty to disclose sufficient information to apprise plaintiff of the risks associated with investment in Company stock when defendants knew or should have known that the failure to disclose such material information would result in damages to plaintiff and members of the Class.

54.    As a result of defendants' failure to disclose and inform, plaintiff and the Class suffered damages, the exact amount of which will be determined at trial. Defendants are personally liable to plaintiff and the Class for these losses.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment as follows:

A.    Determining that this is a proper class action to be certified under Rule 23 of the Federal Rules of Civil Procedure;

B.    Declaring that defendants have violated the duties, responsibilities, and obligations imposed upon them as fiduciaries and co-fiduciaries and that they violated the ERISA disclosure requirements as described above;

C.    Awarding extraordinary, equitable, and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure;

D.     Awarding plaintiff and members of the Class restitution and/or remedial relief;

E.     Awarding plaintiff and members of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' fees, expert witness fees, and other costs; and

F.     Awarding such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: *25 Feb '02*

RICHARDSON, STOOPS, RICHARDSON
  & WARD
FRED E. STOOPS, SR.

FRED E. STOOPS, SR.

The Richardson Building
6555 South Lewis Avenue, Suite 200
Tulsa, OK  74136-1010
Telephone:  918/492-7674
918/493-1925 (fax)

WHATLEY DRAKE, LLC
JOE R. WHATLEY JR.
2323 Second Avenue North
Birmingham, AL  35202
Telephone:  205/328-9576
205/328-9669 (fax)

Attorneys for Plaintiff

A:\Williams_02.cpt