IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: ) | Case No. 02-CV-153-TCK(FHM) |
| ) | (**Lead Case**) |
| WILLIAMS COMPANIES ) | |
| ERISA LITIGATION ) | **CLASS ACTION** |
| ) | |
| ) | 02-CV-159-TCK(FHM) |
| ) | 02-CV-285-TCK(FHM) |
| ) | 02-CV-289-TCK(FHM) |
| _____) | |

## MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES AND BRIEF IN SUPPORT

Federman & Sherwood, Counsel for Plaintiff, Emily Van Ness, respectfully moves the Court for an award of attorneys' fees and costs.

**I.   Introduction**

The procedural history of the present and related litigation is complex. As set forth in greater detail in the Class Action Settlement Agreement (the "Settlement"), no fewer than four separate actions were filed and maintained against The Williams Companies, Inc. concerning its Investment Plus Plan (the "ERISA Plan" or the "Plan"). Named as Defendants in these lawsuits were the fiduciaries of the ERISA Plan, including: The Williams Companies, Inc., Benefits Committee Members, Keith Bailey, Jack D. McCarthy, Michael Johnson, and Travis Campbell; Investment Committee Members: Nick Bacile, John Bumgarner, Travis Campbell, R. Rand Clark, James Ivey, Howard Kalika, Marcia MacLeod, Ron Mucci, Scott Welch, Mark Wilson, Phillip D. Wright, Dan M. Miller, Lewis A. Posekany, Jr., Rick Rodekohr, and Andrew Sunderman; and Board of Directors: Hugh M. Chapman, Thomas H. Cruikshank, William E. Green, W.R. Howell, James C. Lewis, Charles M. Lillis, George A. Lorch, Frank T. MacInnis,

Steven J. Malcolm, Gordon R. Parker, Janice D. Stoney, Joseph H. Williams, and Ira D. Hall.  The lawsuits alleged the claims against Defendants for violations of the Employee Retirement Investment Security Act ("ERISA").  As set forth in detail in each Complaint, the Class allege that the Benefits Committee Defendants and Investment Committee Defendants: (1) failed to prudently and loyally manage the Plan's assets; (2) failed to provide participants with complete and accurate information regarding the relevant stock sufficient to advise participants of the true risks of investing their retirement savings; and, (3) breached the duty to avoid conflicts of interest.  Additionally, the Class alleges that the Board of Directors failed to properly appoint and monitor the performance of their fiduciary appointees. The Class alleges that The Williams Companies, Inc. failed to prudently manage ERISA Plan assets and breached its duty to disclose to and inform ERISA Plan participants of material information regarding the Plan's investments.

## II.     Terms of the Settlement

Following protracted litigation and extensive discovery, the parties have resolved the matter and seek this Court's approval of the Settlement pursuant to the requirements of Rule 23.1 of the Federal Rules of Civil Procedure.[1]  As part of the settlement of this action, Federman & Sherwood, as counsel for Plaintiff Van Ness, are hereby applying to the Court for an award of attorneys' fees and expenses for the significant benefits conferred upon the Class as the result of the class action.[2]

Under the terms of the Settlement, the Class will recover $55,000,000.00, plus equitable relief in the form of The Williams Companies, Inc.'s covenant that it will not

---

[1] Fed. R. Civ. P. 23.1 provides, in relevant part, "The action shall not be dismissed or compromised without the approval of the court …."
[2] The amount requested is intended to satisfy Federman & Sherwoods' reimbursement of out of pocket expenses and costs incurred in the prosecution of the litigation, as well as attorneys' fees.

take any action to amend the Plan: (i) to reduce the employer match thereunder below four (4) percent prior to January 1, 2011; or (ii) to require that the employer match be restricted in The Williams Companies, Inc.'s stock prior to January 1, 2011. The equitable relief component of the Settlement has an estimated value of approximately $57,600,000.00. The full proceeds of the fiduciary insurance policies are funding $50,000,000.00 of the cash component of the Settlement, and The Williams Companies, Inc. will be funding the remaining $5,000.000.00. *See* Order Preliminarily Approving Proposed Settlement, Approving Form and Dissemination of Class Notice and Setting Date for Hearing on Final Approval, dated September 28, 2005.

Pursuant to the terms of the Settlement, Defendants have agreed that Appointed Counsel and counsel for those not named to represent the Class may make application to the Court for attorneys' fees and expenses.[3] In negotiating the terms of the Settlement, Appointed Counsel agreed to seek compensation for reimbursement of the reasonable costs and expenses directly relating to their representation of the Class Members, for reimbursement of non-taxable costs of litigation, and for attorneys' fees of Appointed Counsel in an amount not to exceed 20% of the Settlement Fund, plus reimbursement of expenses incurred in connection with the prosecution of this action, plus a reserve of $150,000.00 for the payment of attorneys' fees and expenses of Appointed Counsel in assisting the implementation of the Settlement in the event it is approved by the Court, and a reserve of an additional 2% of the Settlement Fund for other plaintiffs' counsel (who were not appointed to represent the Class). It is under the latter provision that Federman & Sherwood herein submits the present Motion. Its fees

---

[3] Throughout this Motion, "Appointed Counsel" shall refer to Keller Rohrback, L.L.P., Cohen, Milstein, Hausfeld & Toll PLLC, and Norman Wohlgemuth Chandler and Dowdell.

and expenses, set forth in greater detail in the Declaration of William B. Federman, attached hereto as Exhibit "1," are proper, given the benefit conferred upon the Class and specifically, Plaintiff Van Ness. Specifically, Federman & Sherwood seek attorneys' fees in the amount of $39,357.75 and reimbursement of $2,806.15 in costs and expenses.

### III. The Request of Counsel Fees and Reimbursement of Expenses are Appropriate in this Action and Should be Awarded.

The award of counsel fees in this action are governed by the common fund doctrine. The Supreme Court has recognized that when a common fund is successfully established for the benefit of class members, the cost of litigation, and specifically counsel's efforts, should be spread among the common fund's beneficiaries. As the Supreme Court noted in *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980):

> A litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.

The Eleventh Circuit, in *Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), reiterated the doctrine that attorneys who create a common fund are entitled to be compensation for their efforts from a percentage of that fund. In *Camden*, the Court held:

> Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class.

> The majority of common fund fee awards fall between 20% to 30% of the fund … [and] an upper limit of 50% of the fund maybe stated as a general rule, although even larger percentages have been awarded.

*Camden*, 946 F.2d at 774-75.

In *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-55 (10th Cir. 1988), the Tenth Circuit addressed the award of attorney's fees in a common fund noting:

> [T]he percentage reflected in a common fund award must be reasonable …. To determine reasonableness, federal courts have relied heavily on the factors articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), in calculating and reviewing attorneys' fees awards. *See e.g. Ramos,* 713 F.2d at 552. Because these factors measure the attorneys' contributions, they are also appropriate in setting and reviewing percentage fee awards in common fund cases. The *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee-- this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

The Court in *Brown* also reviewed other federal common fund cases and noted the range of awards deemed reasonable by other courts:

> *In re New York City Municipal Securities Litigation,* [1984 Transfer Binder] Fed.Sec.L.Rep. (CCH), Para 91,419 (S.D.N.Y.1984) (33%) [Available on WESTLAW, 1984 WL 2411]; *In re Warner Communications Securities Litigation,* 618 F.Supp. 735 (S.D.N.Y.1985), *aff'd,* 798 F.2d 35 (2d Cir.1986) (24.5%); *Murphy v. Presly Co.,* [1981 Transfer Binder] Fed.Sec.L.Rep. (CCH), Para. 97,975 (C.D.Cal.1981) (22.7%); *Van Gemert v. Boeing Co.,* 516 F.Supp. 412 (S.D.N.Y.1981) (37.3%); *Bullock v. Kircher,* 84 F.R.D. 1 (D.N.J.1979) (25.2%); *Jezarian v. Csapo,* 483 F.Supp. 385 (S.D.N.Y.1979) (23.7%); *Valente v. Pepsico, Inc.,* [1979 Transfer Binder] Fed.Sec.L.Rep. (CCH), Para. 96,921 (D.Del.1979) (27%) [Available on WESTLAW, 1979 WL 1229]; and *Rothfarb v. Hambrecht,* 649 F.Supp. 183 (N.D.Cal.1986) (22%).

*Id.* at 455 n.2.

In the present case, there is ample evidence to support the proposed award of attorneys' fees. Appointed Counsel will receive an amount not to exceed 20% of the Settlement Fund, plus a reserve of $150,000.00 set aside for the payment of attorneys'

fees and expenses of Appointed Counsel in assisting in the implementation of the Settlement, while an additional 2% will be set aside for other plaintiffs' counsel, who were not appointed to represent the Class.  In total then, approximately 22.3% of the Settlement Fund in this case holds the potential to be used for the payment of attorneys' fees, well within the range of awards deemed reasonable by other courts as those have been noted by the Tenth Circuit.  *Id.*

Moreover, in applying the factors noted in *Brown* to the facts of this case, it is clear that the amount set aside in this case for the award of attorneys' fees and expenses is reasonable.  There is little question that ERISA is an extremely complex area of the law, the First Circuit having previously described it as "arcane."  *See Lalonde v. Textron*, 369 F.2d 1, 6 (1st Cir. 2004).  Further, the record in this litigation, which was initiated almost four years ago, attests to the novelty and difficulty of the questions presented along with the large amount of time each counsel expended on this litigation.

Federman & Sherwood has worked extensively and diligently with its clients, keeping them informed of every issue arising throughout this litigation, reviewing documents produced by Defendants, and most notably, informing former Williams' investors and employees of the terms of the Settlement, its immediate and subsequent impact and the various options open to them as a result.  *See* Federman Declaration, Exhibit 1, attached.  Finally, the amount requested, $39,357.75, is reasonable in light of the service Federman & Sherwood provided.  *Id.*

### IV.     Reimbursement of Costs

Federman & Sherwood also seeks reimbursement of $2,806.15 in costs expended in this action.  Mr. Federman's Declaration summarizes the costs incurred to date, for which reimbursement is sought.  In an effort to preserve judicial economy and promote efficiency, Counsel will not reiterate all costs incurred to date, as they have been thoroughly set forth in Mr. Federman's Declaration.  Through Counsels' excellent management of resources, the impact upon the Class of the actual expenses awarded will be minimal.  Accordingly, Counsel respectfully request that the listed expenses be awarded as all costs were both necessary and appropriate in prosecuting this action.

### V.     Conclusion

For all the foregoing reasons, Federman & Sherwood respectfully requests that the Court approve the requested award of attorneys' fees, together with reimbursement of expenses.

Respectfully Submitted,

_____s/William B. Federman_____
Bar #2853
Attorneys for Plaintiff Emily Van Ness
FEDERMAN & SHERWOOD
120 North Robinson, Suite 2720
Oklahoma City, OK  73102
Telephone:  (405) 235-1560
Fax: (405) 236-2112
wfederman@aol.com
         - and -
2926 Maple Avenue, Suite 200
Dallas, TX  75201

## CERTIFICATE OF MAILING

This certifies that on the 25th day of October, 2005, a true and correct copy of the above and foregoing document was mailed by U.S. Mail, with postage fully prepaid thereon, to the following parties:

Lynn Lincoln Sarko
Laurie B. Ashton
CARI, CAMPEN & LAUFENBERG, KELLER, ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052

Marc I. Machiz
Bruce R. Rinaldi
COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
1 South Broad Street, Suite 1850
Philadelphia, PA  19107

John E. Dowdell
William W. O'Connor
NORMAN, WOHLGEMUTH, CHANDLER & DOWDELL
2900 Mid-Continent Tower
Tulsa, OK  74103

Howard Shapiro
Yolanda Montgomery
PROSKAUER ROSE, LLP
2255 Glades Road, Suite 340 West
Boca Raton, FL  33431-7360

Graydon Dean Luthey, Jr.
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
320 South Boston Ave., Suite 400
Tulsa, OK  74103-3708

Paul J. Ondrasik, Jr.
F. Michael Kail
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC  20036

             _____s/William B. Federman_____
             William B. Federman